UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA LYNN S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-729-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating the medical opinion evidence and Plaintiff's residual functioning capacity ("RFC"). (Dkt. # 12.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 16.) Plaintiff did not file a reply. Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.     BACKGROUND

Plaintiff was born in 1983, has a high school education, and previously worked as a veterinary assistant. AR at 925. Plaintiff has not engaged in substantial gainful activity since November 2015. *Id.* at 914.

In December 2015, Plaintiff applied for benefits, alleging disability as of February 2013. AR at 275. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 155, 172, 183. Following a June 2018 hearing, the ALJ concluded Plaintiff was not disabled. *Id.* at 12-34, 84-113. The Appeals Council denied review, prompting Plaintiff to appeal the matter to this Court. *Id.* at 995-1003.

In April 2020, this Court reversed the ALJ's decision and remanded Plaintiff's application for further proceedings. AR at 1004-09. On remand, after a December 2021 hearing, the ALJ again found Plaintiff not disabled. *Id.* at 1015-36. Plaintiff submitted exceptions, and in July 2022, the Appeals Council reversed the ALJ's decision. *Id.* at 1037-43, 1206-09. Following a May 2023 hearing, the ALJ issued a third decision finding Plaintiff not disabled. *Id.* at 909-33, 954-71. The Appeals Council declined to assume jurisdiction. *Id.* at 902.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the severe impairments of fibromyalgia, chronic pain syndrome, obstructive sleep apnea, hypersomnia syndrome, major depressive disorder, generalized anxiety disorder, and history of polysubstance abuse disorders. AR at 915. Additionally, she has the RFC to perform light work with some exceptions: she can occasionally climb ladders, ramps, and stairs, and occasionally kneel, crouch, and crawl; she must avoid concentrated exposure to extreme

---

[2] 20 C.F.R. § 416.920.

ORDER - 2

temperatures, respiratory irritants, and hazards; and she can perform simple, routine tasks and have occasional, superficial interactions with coworkers, supervisors, and the public. *Id.* at 918.

With the Appeals Council's decision not to review, the ALJ's decision stands as the Commissioner's final decision. AR at 902-08. Plaintiff appealed the final decision to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

# IV. DISCUSSION

## A. The ALJ Erred in Evaluating Medical Opinion Evidence

Because Plaintiff applied for benefits before March 27, 2017, the ALJ's assessment is governed by prior regulations. These regulations recognize three distinct categories: (1) treating physicians; (2) examining physicians; and (3) reviewing physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *superseded on other grounds by* 20 C.F.R. § 416.920. Typically, an ALJ must assign greater weight to the opinions of treating physicians over those of examining physicians, and to examining physicians' opinions over those from reviewing physicians. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

### 1. *Examining Physician Dr. David Mashburn*

In September 2015, independent examiner Dr. Mashburn performed a psychological evaluation for the Washington State Department of Social and Health Services ("DSHS"). AR at 385. He identified marked limitations in Plaintiff's ability to adhere to a schedule, maintain regular attendance, communicate effectively, behave appropriately in a work setting, and complete a normal workday or workweek without psychological interruption. *Id.* at 386.

The ALJ found Dr. Mashburn's opinion unpersuasive for several reasons: (1) Dr. Mashburn had only reviewed ARNP Kampf's assessment; (2) the opinion overly relied on Plaintiff's subjective reports; (3) it lacked support from Dr. Mashburn's own findings; (4) it conflicted with records indicating Plaintiff was cooperative and capable of activities such as traveling and reading; and (5) it predated Plaintiff's application and prescription of Nuvigil. AR at 922-23.

An ALJ may discount a medical opinion "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.

ORDER - 4

2002). Here, though, the ALJ did not address Dr. Mashburn's detailed narrative summary, which included his clinical interview and objective findings about Plaintiff's concentration, persistence, and pace. Consequently, the ALJ's dismissal of Dr. Mashburn's opinion because he did not review the longitudinal record was not justified.

The ALJ also criticized Dr. Mashburn for his reliance on Plaintiff's subjective reports. AR at 923. In this case, Dr. Mashburn performed a clinical interview and mental status evaluation, which are objective measures that cannot be considered mere self-reports. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Accordingly, Dr. Mashburn's partial reliance on Plaintiff's self-reported symptoms was not a legitimate reason to find his opinion unpersuasive.

Furthermore, the ALJ asserted that inconsistencies between Dr. Mashburn's opinion and his "unremarkable" mental status findings undermined the severity of his assessment. AR at 923. Dr. Mashburn attributed Plaintiff's limitations to anxiety and depression though, rather than cognitive deficits, and reported observations such as tiredness, tension, circumstantial speech, mental fog, and consistent depression and anxiety. *Id.* at 385-87. These observations support Dr. Mashburn's conclusions, contrary to the ALJ's dismissal.

The ALJ also highlighted discrepancies between Dr. Mashburn's opinion and Plaintiff's daily activities, such as reading and traveling. AR at 923. ALJs must be cautious in concluding that daily activities are inconsistent with testimony, however, because an impairment that would unquestionably prevent work "will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). In this case, Plaintiff's limited daily activities do not conflict with Dr. Mashburn's assessment.

Finally, the ALJ dismissed Dr. Mashburn's opinion because it predated Plaintiff's application and her subsequent prescription of Nuvigil, which the ALJ claimed increased her

alertness. AR at 923. To the contrary, Dr. Mashburn's evaluation was appropriate for the disability period claimed. *See Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (finding medical opinion predating the disability period relevant), *superseded on other grounds by* 20 C.F.R. § 416.920. Moreover, Plaintiff's treatment records indicate that while Nuvigil improved hypersomnia associated with obstructive sleep apnea, it did not significantly address her mental health symptoms. AR 407, 409, 411. The ALJ's evaluation is thus unsupported by substantial evidence.

### 2. Treating Provider ARNP Marianne Kampf

In January 2014, Plaintiff's treating mental health provider, ARNP Kampf, conducted a psychological evaluation for the Washington State DSHS. AR at 588-91. Although she did not provide an overall mental limitation rating, she identified several marked and severe limitations impacting Plaintiff's ability to complete a normal workday. *Id.* The ALJ found ARNP Kampf's opinion unpersuasive for the same five reasons given for dismissing Dr. Mashburn's opinion. *Id.* at 922-23. As discussed above, these reasons are not supported by substantial evidence.

The ALJ also challenged ARNP Kampf's opinion based on her diagnosis of cannabis abuse and her suggestion that vocational training might alleviate job barriers. AR at 923. ARNP Kampf explicitly stated that Plaintiff's mental impairments were unrelated to her cannabis use and would persist during periods of sobriety, however, which the ALJ did not address. *Id.* at 590. The ALJ also failed to address ARNP Kampf's comprehensive evaluation detailing Plaintiff's challenges in a broader context. As a result, the ALJ's dismissal of ARNP Kampf's opinion was not backed by substantial evidence.

### 3. *Treating Physician Dr. Nipali Bharani*

In December 2021, Plaintiff's treating physician, Dr. Bharani, noted that even slight increases in stress or environmental changes could worsen Plaintiff's condition. AR at 1447-48. By May 2023, Dr. Bharani reported that persistent symptoms, fatigue, and mood difficulties caused significant struggles related to Plaintiff's self-care and daily functioning. *Id.* at 1767.

The ALJ assigned no weight to Dr. Bharani's opinions, citing inconsistencies with the record and lack of vocational specificity. AR at 924. The ALJ noted that treatment notes depicted Plaintiff as calm and cooperative, with intact memory and normal attention. *Id.* Even so, these same records also documented increasing anxiety, worsening depressive symptoms, and difficulties with self-care routines. *Id.* at 520, 1358, 1362, 1366, 1370, 1374, 1386, 1394, 1403, 1420, 1430, 1436, 1442, 1444. These records thus align with Dr. Bharani's assessment.

The ALJ also found inconsistencies with the overall record, citing Plaintiff's "largely benign" psychiatric results. AR at 924. A closer look at the record reflects that these "benign" findings were generally from non-psychiatric appointments addressing issues such as hypertension, chest tightness, chronic pain, and hypothyroidism. *Id.* at 814, 820, 827, 846, 883, 895. By contrast, psychiatric records consistently reported anxiety, depression, and challenges maintaining daily activities. *Id.* at 520, 585, 591, 731, 732, 741, 747, 758. These records thus contradict the ALJ's characterization of Plaintiff's psychiatric findings. *Id.* at 924.

Finally, the ALJ asserted that Dr. Bharani's findings conflicted with Plaintiff's ability to live alone and travel independently. AR at 924. The cited function reports reflect significant difficulties in basic tasks, which is consistent Dr. Bharani's assessment. *Id.* at 292, 344-48. Accordingly, the ALJ erred in evaluating Dr. Bharani's opinion.

B.    **The ALJ Erred in RFC Determination**

Plaintiff argues the insufficiency of the ALJ's RFC assessment given the failure to include the limitations assessed by Dr. Mashburn, ARNP Kampf, and Dr. Bharani. (Dkt. # 12 at 17.) Because the ALJ erred in his evaluation of these medical opinions, he necessarily erred as to his RFC assessment. *See K.F. v. Kijakazi*, 2022 WL 207661, at *12 (N.D. Cal. Jan. 24, 2022) ("Because the court remands for reconsideration of the medical-opinion evidence, and because the RFC was based partly on the medical record, the court remands on this ground too.").

Plaintiff also contends that the RFC assessment was erroneous because it did not include all of the limitations she testified to. (Dkt. # 12 at 17.) Here, the ALJ found Plaintiff's testimony unpersuasive because it was inconsistent with her activities, unremarkable mental status findings, and conservative treatment. AR at 921.[3] Plaintiff's conclusory assertion that the ALJ erred in evaluating her testimony falls short of appellate review requirements. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

C.    **The Proper Remedy is Remand for Further Proceedings**

In the Ninth Circuit, there is a three-part test to determine whether remand to award benefits is appropriate: (1) the record is fully developed and further proceedings would serve no useful purpose; (2) the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's

---

[3] Citing AR at 731-58, 896-901, 1343-1446, 1667-1766 (treatment records showing mental health appointments decreased from every two weeks to every 6-8 weeks in frequency during relevant period), 731-58 (improved mood and cognitive functioning with lifestyle changes), 522-23, 674, 706, 708, 729, 898, 1358, 1672, 1692, 1732 (smiling, cooperative, with normal behavior and appearance), 292-99, 344-51, 1374 (socially engaged, goes to the gym regularly, shops in stores, goes out in public alone), 1700-01, 1766 (made new friends), 760, 764, 1376, 1380, 1388, 1690, 1705, 1722 (travelled out of state multiple times), 520, 523, 674, 731-32, 1351, 1374, 1672, 1692, 1732 (clinical findings showing normal memory, attention, concentration, thought process, content, and cognition), 1348, 1353 (making progress on pet psychology coursework)

testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, the ALJ would have to find Plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020.

Plaintiff argues that the Court should remand for an award of benefits due to the ALJ's errors in evaluating the opinions from Dr. Bharani, ARNP Kampf, and Dr. Mashburn, which collectively support a finding of disability. (Dkt. # 12 at 17-18.) Still, the pertinent question is whether the ALJ would be compelled to find Plaintiff disabled upon remand, and Plaintiff does not provide an argument to this effect.

"Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Colvin*, 775 F3d 1090, 1101 (9th Cir. 2014); *see Dominguez v. Colvin*, 808 F.3d 403, 408-10 (9th Cir. 2015) (remanding so the ALJ could determine how alleged impairments affected Plaintiff's RFC and resolve inconsistencies between medical opinions and treatment notes); *see also Treichler*, 775 F.3d at 1105 (remanding where the inconsistencies between Plaintiff's testimony and the medical evidence raised questions about the extent of Plaintiff's impairments). Here, the ALJ properly discounted Plaintiff's symptom testimony and relied on medical opinions from reviewing doctors asserting that Plaintiff could perform simple, routine tasks, with occasional interruptions, gradual changes, and superficial contact with others. AR at 922. Further proceedings are thus necessary to resolve conflicts between the medical opinions, treatment notes, and Plaintiff's testimony.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ must reevaluate the opinions from Dr. Bharani, ARNP Kampf,

ORDER - 9

and Dr. Mashburn, redetermine Plaintiff's RFC if necessary, and proceed to the remaining steps of the disability determination process as appropriate.

Dated this <u>7th</u> day of January, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 10